## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | Case No. 24-10014-9-JWB |
| **BREILI OSMANI SERMENO-HERNANDEZ,** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This case comes before the court on Defendant's motion to revoke the magistrate judge's order of detention.  (Doc. 126.)  The court has reviewed the record, including the recording of the detention hearing before the magistrate judge.  Defendant's motion is DENIED for the reasons set forth herein.

**I.     Background**

At the hearing before the magistrate judge, the government made a proffer concerning the events that led up to Defendant's charge under 21 U.S.C. § 846 for conspiracy to distribute methamphetamine.  A short recitation of the alleged facts surrounding the charge and Defendant's criminal history is appropriate here.

According to the pretrial services report, Defendant's criminal history includes a litany of traffic-related offenses across multiple jurisdictions, including a conviction for failure to stop after an accident in Indiana and speeding and operating a motor vehicle without a valid license in Lyon County, Kansas.  Notably, after his arrest for speeding and operating a vehicle without a license on April 24, 2011, he failed to appear in June, but was ultimately convicted in August after a guilty

plea.[1]  Perhaps most troubling, Defendant was convicted on January 21, 2021, of multiple felonies in Yavapai County Superior Court in Prescott, Arizona.  Specifically, Defendant was convicted of (1) sale or transport of marijuana over two pounds, (2) facilitation of money laundering in the second degree, (3) misconduct involving weapons, and (4) possession of non-methamphetamine drug paraphernalia.  Defendant served 90 days in jail, but his sentence was suspended.  Defendant, who is a Guatemalan foreign national with no legal status in the United States, was given five years of probation and transferred to Immigration and Customs Enforcement, which later deported him.  Defendant's probation was changed to unsupervised probation on January 4, 2022, due to Defendant's deportation.  A petition to revoke Defendant's probation in Arizona is pending based on him reentering the country.  It is unknown whether the county attorney in Arizona will request extradition.

On May 14, 2024, the grand jury returned the second superseding indictment charging Defendant with a violation of § 846.  (Doc. 52.)  On June 5, Magistrate Judge Brooks Severson conducted a detention hearing, and both the government and Defendant offered evidence by proffer.  The government proffered that it had wiretap evidence of three separate instances where Defendant was communicating with co-Defendant Euriel Talavera about methamphetamine.  The communications set up three separate purchases of methamphetamine.  One for one pound, a second for two pounds, and a third for one pound.  Law enforcement conducted surveillance, observed Defendant's meetings with Talavera, and saw actions consistent with drug transactions each time. The magistrate judge granted the government's motion for detention and ordered Defendant to be placed in custody pending trial.  (Doc. 99.)  Defendant now moves for review and revocation of the detention order.

---

[1]   The report states the guilty plea was in 2010, but this appears to be a typographical error given the arrest date.

## II.     Standard

Pursuant to 18 U.S.C. § 3145(b), Defendant may seek review of a magistrate judge's order of detention.  The district court's review of a magistrate judge's detention order is de novo.  *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).   A de novo evidentiary hearing, however, is not required.  The district court may either "start from scratch" or "incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted there." *United States v. Burks,* 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001) (citations omitted).  The Federal Rules of Evidence do not apply to detention hearings.  *See* 18 U.S.C. § 3142(f)(2)(B).  The court may allow the parties to present information by proffer, or it may insist on direct testimony.  *See id.*

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  In making this determination, the court must take into account the available information concerning

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

There is a rebuttable presumption of risk of flight or danger to the community in this case. *See* 18 U.S.C. § 3142(e)(3). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp. 2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)).

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Even if Defendant overcomes the presumption, the presumption remains a factor in the court's detention decision. *Id.* The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id.* at 1252.

### III.    Analysis

Here, Defendant has presented sufficient evidence to rebut the presumption of detention—he has pointed to evidence such as community ties, especially a special-needs daughter for whom he is a caretaker. The presumption, however, remains a factor in the court's decision. The court now turns to consideration of the factors set forth in § 3142(g).

#### A.  Nature and Circumstances of the Offense

This factor requires the court to look at the offense charged in this case. Defendant is charged in a second superseding indictment along with other individuals with conspiracy to

distribute methamphetamine.  This is a serious offense.  *See* § 3142(g)(1) (when considering the nature and circumstances of the offense charged, the court should consider whether the crime involves controlled substances).  The drug conspiracy count exposes Defendant to imprisonment for a minimum of ten years and up to life.  *See* 21 U.S.C. §§ 841(b)(1)(A); 846.  This factor weighs in favor of detention.

### B.  Weight of the Evidence

The government has proffered evidence of communications between Defendant and a co-Defendant about methamphetamine transactions and subsequent meetings between them. Defendant, however, was not stopped after these meetings, nor was there any evidence proffered that Defendant was found in possession of methamphetamine.  However, the crime of conspiracy is in the agreement rather than the successful completion of the underlying criminal goal of the conspiracy.  The evidence weighs slightly in favor of detention, but ultimately the court finds the other factors conclusive.

### C.  History and Characteristics of the Defendant

Defendant has family and community ties.  Defendant has a common-law wife whom he has been with for nineteen years and with whom he has three daughters.  Defendant's oldest daughter has multiple mental disabilities, and the proffered evidence indicates that Defendant and his wife share caretaking duties for their eldest daughter whenever the other spouse is at work. Defendant reports living in Wichita for fourteen years, and online records confirm he and his wife own a home in Wichita.

Defendant, however, has a substantial criminal history.  Most notably, Defendant's 2021 Arizona convictions were serious convictions involving drug trafficking, which led to his deportation.  And now Defendant has returned to the United States and is accused of committing

another serious drug crime.  Moreover, Defendant was on probation for his Arizona offenses when he committed the current offense.  Thus, based on Defendant's past criminal behavior despite his family and community ties, this factor weighs in favor of detention.

### D.  Danger to the Community

"The concern about safety is to be given a broader construction than the mere danger of physical violence.  Safety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community."  *United States v. Kroeker*, No. 22-3092, 2022 WL 2610344, at *4 (10th Cir. July 8, 2022) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)).  It includes "the risk that a defendant will continue to engage in drug trafficking . . . ."  *Cook*, 880 F.2d at 1161 (citation omitted).

As noted above, Defendant's criminal history and recent conduct show that Defendant persists in aiding the distribution of dangerous substances into the community.  This factor thus favors detention.  In summation, all the § 3142(g) factors weigh at least somewhat in favor of pretrial detention, except perhaps weight of the evidence.  The court concludes that there are no conditions that will assure Defendant's compliance and the safety of the community.

## IV.  Conclusion

Based on the court's de novo review of the record, including the audio from the magistrate judge's hearing, the court concludes that there are no set of conditions of release which will reasonably assure Defendant's appearance and protect the community from the danger of unlawful controlled substances.

Defendant's motion is DENIED. (Doc. 126.)

IT IS SO ORDERED.

Dated: June 27, 2024                    /s/ John W. Broomes
                                        JOHN W. BROOMES
                                        UNITED STATES DISTRICT JUDGE